THOMAS E. FRANKOVICH (State Bar No. 074414)
THOMAS E. FRANKOVICH,
*A Professional Law Corporation*
2806 Van Ness Avenue
San Francisco, CA 94109
Telephone:     415/674-8600
Facsimile:     415/674-9900

Attorneys for Plaintiffs
NICOLE MOSS
and DISABILITY RIGHTS,
ENFORCEMENT, EDUCATION,
SERVICES: HELPING YOU
HELP OTHERS

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE MOSS, an individual; and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU) HELP OTHERS, a California public benefit corporation,<br><br>            Plaintiffs,<br><br>v.<br><br>ALL STAR DONUTS; KAREN SHANG WEI, an individual doing business as ALL STAR DONUTS,<br><br>            Defendant. | **CASE NO. C05-1877 CW**<br>**Civil Rights**<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES:**<br><br>**1st CAUSE OF ACTION:** For Denial of Access by a Public Accommodation in Violation of the Americans with Disabilities Act of 1990 (42 U.S.C. §12101, *et seq.*)<br><br>**2nd CAUSE OF ACTION:** For Denial of Full and Equal Access in Violation of California Civil Code §§54, 54.1 and 54.3<br><br>**3rd CAUSE OF ACTION:** For Denial of Accessible Sanitary Facilities in Violation of California Health & Safety Code §19955, *et seq.*<br><br>**4th CAUSE OF ACTION:** For Denial of Access to Full and Equal Accommodations, Advantages, Facilities, Privileges and/or Services in Violation of California Civil Code §51, *et seq.* (The Unruh Civil Rights Act)<br><br><br>**DEMAND FOR JURY** |

Plaintiffs NICOLE MOSS, an individual; and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation (hereinafter sometimes referred to as "DREES"), complain of defendant KAREN SHANG WEI, an individual doing business as ALL STAR DONUTS, and allege as follows:

**INTRODUCTION:**

1.      This is a civil rights action for discrimination against persons with physical disabilities, of which class plaintiffs NICOLE MOSS and the membership of DREES are members, for failure to remove architectural barriers structural in nature at defendant's ALL STAR DONUTS, a place of public accommodation, thereby discriminatorily denying plaintiffs and the class of other similarly situated persons with physical disabilities access to, the full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and accommodations thereof.  Plaintiffs seek injunctive relief and damages pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51, 51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

2.      Plaintiff NICOLE MOSS is a person with physical disabilities who, on or about July 1, 2004, March 7, 2005, March 19, 2005 and April 21, 2005, was an invitee, guest, patron, customer at defendant's ALL STAR DONUTS in the City of San Francisco, California.  At said time and place, defendant failed to provide proper legal access to the doughnut shop, "which is a public accommodation" and/or a "public facility" including, but not limited to parking, entrance and restroom.  The denial of access was in violation of both federal and California legal requirements, and plaintiff NICOLE MOSS suffered violation of her civil rights to full and equal access, and was embarrassed and humiliated.

///

///

///

///

///

///

**JURISDICTION AND VENUE:**

3.     **Jurisdiction:**   This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.* Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel California law, whose goals are closely tied with the ADA, including but not limited to violations of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et seq.*, including §19959; and Title 24, California Building Standards Code.

4.     **Venue:**   Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located in this district at/near 399 5th Street, in the City of San Francisco, County of San Francisco, State of California, and that plaintiffs' causes of action arose in this district.

**PARTIES:**

5.     Plaintiff NICOLE MOSS is a "physically handicapped person", a "physically disabled person", and a "person with physical disabilities" (hereinafter the terms "physically disabled", "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54, 54.1 and 55, and other statutory measures refer to protection of the rights of "physically disabled persons".  Plaintiff NICOLE MOSS is a "person with physical disabilities", as defined by all applicable California and United States laws.  Plaintiff is a paraplegic.  Plaintiff NICOLE MOSS requires the use of a wheelchair to travel about in public.  Consequently, plaintiff NICOLE MOSS is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51, 51.5 and 54, *et seq.*

1   ///

2        6.     Plaintiff DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:

3   HELPING YOU HELP OTHERS ("DREES") is a nonprofit (501(c)(3)) organization that works

4   with persons with disabilities to empower them to be independent in American society.  DREES

5   accomplishes its goals and purposes through education on disability issues, enforcement of the

6   rights of persons with disabilities, and the provision of services to persons with disabilities, the

7   general public, public agencies and the private business sector.

8        7.     Defendant KAREN SHANG WEI, an individual doing business as ALL STAR

9   DONUTS (hereinafter alternatively referred to as "defendant") is the owner and operator, lessor

10  and/or lessee, or agent of the owners, lessors and/or lessees, and/or alter ego, franchisor and/or

11  franchisee, of the building and/or buildings which constitute a public facility in and of itself,

12  occupied by ALL STAR DONUTS, a public accommodation located at/near 399 5th Street, San

13  Francisco, California, and subject to the requirements of California state law requiring full and

14  equal access to public facilities pursuant to §§19955 Health & Safety Code, and §§51, 51.5,

15  52(a), 54.1 and 54.3 Civil Code, and subject to Title III of the Americans with Disabilities Act of

16  1990, and to all other legal requirements referred to in this complaint.

17       8.     At all times relevant to this complaint, defendant KAREN SHANG WEI, an

18  individual doing business as ALL STAR DONUTS, is the lessee, or agent of the lessees, and/or

19  lessors, of said premises, and/or alter ego of the lessees, lessors and their agents, and owns and

20  operates in joint enterprise the subject ALL STAR DONUTS as a public facility at/near 399 5th

21  Street, San Francisco, California.  This business is open to the general public and conducts

22  business therein.  The business operating on said premises is a "public accommodation" or

23  "public facility" subject to the requirements of California Civil Code §54, *et seq.*  Plaintiffs do

24  not know the relative responsibilities of the defendant in the operation of the facilities herein

25  complained of, and allege a joint venture and common enterprise by all such defendants.

26  ///

27  ///

28  ///

///

9.     At all times relevant to this complaint, defendant KAREN SHANG WEI, an individual doing business as ALL STAR DONUTS, is the landlord/lessor, tenant/lessee and the owner and operator of the subject ALL STAR DONUTS, a public facility located at/near 399 5th Street, San Francisco, California.  As such, defendant is jointly and severally responsible to identify and remove architectural barriers pursuant to Code of Federal Regulations section 36.201(b), which states in pertinent part:

**§ 36.201        General**

(b) *Landlord and tenant responsibilities.* Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part.  As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

CFR §36.201(b)

10.     Plaintiffs do not know the true names of defendant KAREN SHANG WEI, an individual doing business as ALL STAR DONUTS, her business capacities, her ownership connection to the property and business, nor her relative responsibilities in causing the access violations herein complained of, and allege a joint venture and common enterprise by all such defendants.  Plaintiffs are informed and believe that the defendant herein is a public accommodation, and is the agent, ostensible agent, master, servant, employer, employee, representative, franchisor, franchisee, joint venturer, alter ego, partner, and associate, or such similar capacity, of each of the other defendants, and was at all times acting and performing, or failing to act or perform, within the course and scope of his, her or its authority as agent, ostensible agent, master, servant, employer, employee, representative, franchiser, franchisee, joint venturer, alter ego, partner, and associate, or such similar capacity, and with the authorization, consent, permission or ratification of each of the other defendants, and is responsible in some manner for the acts and omissions of the other defendants in legally causing the violations and damages complained of herein, and have approved or ratified each of the acts or omissions of each other defendant, as herein described.  Plaintiffs will seek leave to amend

1   when the true names, capacities, connections, and responsibilities of defendant KAREN SHANG

2   WEI, an individual doing business as ALL STAR DONUTS, are ascertained.

3       11.   Plaintiffs are informed and believe that the named defendant conspired to commit

4   the acts described herein, or alternatively, aided and abetted one another in the performance of

5   the wrongful acts hereinafter alleged.

6   **PRELIMINARY FACTUAL ALLEGATIONS:**

7       12.   Defendant KAREN SHANG WEI, an individual doing business as ALL STAR

8   DONUTS, is the private person and/or entity that is a public accommodations that owns, leases

9   (or leases to), or operates ALL STAR DONUTS, a doughnut shop located at/near 399 5th Street,

10  San Francisco, California.  ALL STAR DONUTS, its parking, entrance, restroom and its other

11  facilities are each a "place of public accommodation or facility" subject to the requirements of

12  the Americans with Disabilities Act and California Health & Safety Code §19955, *et seq.*  On

13  information and belief, each such facility has, since July 1, 1970, undergone "alterations,

14  structural repairs and additions," each of which has subjected the doughnut shop and each of its

15  facilities, its parking, entrance and restroom to handicapped access requirements per the

16  Americans with Disabilities Act Accessibility Guidelines for Buildings & Facilities (ADAAG),

17  Civil Code §54.1, and §19959, Health & Safety Code.

18      13.   Plaintiff NICOLE MOSS is a person with a disability.  Plaintiff NICOLE MOSS

19  is a "person with physical disabilities," as defined by all applicable California and United States

20  laws.  Plaintiff NICOLE MOSS is a paraplegic.  Plaintiff NICOLE MOSS requires the use of a

21  wheelchair for mobility and to travel in public.

22      14.   Plaintiff DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:

23  HELPING YOU HELP OTHERS ("DREES") is a nonprofit (501(c)(3)) organization, the

24  purposes of which are promoting, providing and advocating disability rights, education,

25  independent living, enforcement and services which help provide assistance to persons with

26  disabilities and persons and entities who in turn will help others who have disabilities.

27  ///

28  ///

15. That members of DREES, like plaintiff NICOLE MOSS, will or have been guests and invitees at the subject ALL STAR DONUTS, and that the interests of plaintiff DREES in removing architectural barriers at the subject doughnut shop advance the purposes of DREES to assure that all public accommodations, including the subject doughnut shop, are accessible to independent use by mobility-impaired persons. The relief sought by plaintiff DREES as alleged herein is purely statutory in nature.

16. At all times stated herein, plaintiff NICOLE MOSS was a member of DREES.

17. For a number of years prior to the incidents complained of herein, plaintiff NICOLE MOSS had patronized ALL STAR DOUGHNUTS.

18. At all times referred to herein and continuing to the present time, defendant advertised, publicized and held out ALL STAR DONUTS as being handicapped accessible and handicapped usable.

19. On or about July 1, 2004, plaintiff NICOLE MOSS was an invitee and guest at the subject ALL STAR DONUTS for the purpose of having doughnuts.

20. On or about July 1, 2004, plaintiff NICOLE MOSS drove to ALL STAR DONUTS. Seeing no handicapped parking in the parking lot, plaintiff NICOLE MOSS parked to the side of the parking lot.

21. At said time and place, plaintiff NICOLE MOSS wheeled to the doughnut shop. There was a raised four inch sidewalk around the whole front of the doughnut shop that leveled out on the side of the building. However, that section was blocked by vehicles.

22. At said time and place, plaintiff NICOLE MOSS proceeded to the front entrance, but because of the four inch step, could not get on the sidewalk without assistance.

23. At said time and place, plaintiff NICOLE MOSS received the assistance of a customer in tilting plaintiff's power wheelchair so that she could get up onto the sidewalk.

24. At said time and place, plaintiff NICOLE MOSS proceeded to the main entry door but the door pressure was too great for plaintiff to open the door. An employee came out of the doughnut shop and assisted plaintiff inside.

///

1    25.    At said time and place, plaintiff had her doughnuts and had need to use the

2    restroom.

3    26.    At said time and place, plaintiff wheeled to the restroom and attempted to enter

4    the restroom.  Plaintiff NICOLE MOSS could not get her wheelchair through the restroom door.

5    27.    At said time and place, plaintiff NICOLE MOSS left, went down the walkway

6    and drove off of it with some apprehension that the power wheelchair may tip over.  Plaintiff

7    NICOLE MOSS was jostled in so doing.

8    28.    At said time and place, plaintiff NICOLE MOSS got to her van but could not

9    access it until a vehicle moved.

10    29.    On other occasions plaintiff NICOLE MOSS has parked on the street when street

11    parking was available.

12    30.    On or about July 1, 2004, plaintiff NICOLE MOSS verbally informed employees

13    of ALL STAR DONUTS of the parking, sidewalk and restroom problems.

14    31.    On or about January 5, 2005, plaintiff NICOLE MOSS sent a letter erroneously

15    dated January 5, 2004 to the manager of ALL STAR DONUTS and a letter dated January 5,

16    2005 to the owner of the building requesting remedial work be undertaken.  Plaintiff NICOLE

17    MOSS did not receive a response.

18    32.    On or about March 1, 2005, plaintiff NICOLE MOSS once again wrote to the

19    owner of the building and manager of the doughnut shop and further explained the problems she

20    had at ALL STAR DONUTS.  To date, plaintiff has not received any response to her letters.

21    33.    On or about March 7, 2005, March 19, 2005 and April 21, 2005, plaintiff

22    NICOLE MOSS returned to the doughnut shop and, to a large extent, encountered the same

23    barriers.

24    34.    Therefore, at said times and place, plaintiff NICOLE MOSS, a person with a

25    disability, encountered the following inaccessible elements of the subject ALL STAR DONUTS

26    which constituted architectural barriers and a denial of the proper and legally-required access to

27    a public accommodation to persons with physical disabilities including, but not limited to:

28    ///

a.  lack of directional signage to show accessible routes of travel, i.e. entrances;

b.  lack of the requisite type and number of disabled parking stall(s);

c.  lack of disabled van accessible parking stall(s);

d.  lack of handicapped accessible parking signage;

e.  lack of tow-a-way signage;

f.  lack of an accessible entrance due to a raised four inch sidewalk;

g.  lack of a handicapped-accessible public restroom;

h.  lack of reduced front door pressure, and;

i.  on personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

35.  At all times stated herein, the existence of architectural barriers at defendant's place of public accommodation evidenced "actual notice" of defendants' intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

36.  On or about January 5, 2005 and March 1, 2005, defendants were sent letters by or on behalf of plaintiff NICOLE MOSS advising of the existence of architectural barriers, requesting a response within 30 days and requesting remedial measures be undertaken within 90 days or an explanation of why the time limit set could not be met and/or extenuating circumstances.  Said letters are attached hereto collectively as exhibit "A" and incorporated by reference as though fully set forth herein.  Defendants' failure to respond evidenced an intent not to seek or engage in an early and reasonable resolution of the matter.

37.  At all times stated herein defendants, and each of them were "negligent per se" in not removing known barriers as set forth in the Code of Federal Regulations, appendix "A", ADAAG.

38.  As a legal result of defendant KAREN SHANG WEI, an individual doing business as ALL STAR DONUTS's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to plaintiffs and other persons with disabilities, plaintiffs suffered the damages as alleged herein.

39.     As a further legal result of the actions and failure to act of defendant, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, plaintiffs were denied their civil rights to full and equal access to public facilities. Plaintiff NICOLE MOSS, at all times stated herein, suffered a loss of her civil rights and her rights as a person with physical disabilities to full and equal access to public facilities, and further suffered bodily injury (including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers.), physical discomfort, emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to her damages as prayed hereinafter in an amount within the jurisdiction of this court.  No claim is being made for mental and emotional distress over and above that usually associated with the discrimination and physical injuries claimed, and no expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

40.     Defendant's failure to remove the architectural barriers complained of herein created, at the time of plaintiff NICOLE MOSS's first visit to said public accommodation, and continues to create continuous and repeated exposure to substantially the same general harmful conditions which caused plaintiff NICOLE MOSS fatigue, stress, strain and pain in futilely attempting to overcome the architectural barriers as stated herein.

41.     Plaintiff NICOLE MOSS is "physically handicapped", "physically disabled" or a "person with physical disabilities" who was denied her rights to equal access to a public facility by defendant KAREN SHANG WEI, an individual doing business as ALL STAR DONUTS, because defendant KAREN SHANG WEI, an individual doing business as ALL STAR DONUTS, maintained a doughnut shop without access for persons with physical disabilities to its facilities, including but not limited to parking, entrance, restroom and other public areas as stated herein, and continues to the date of filing this complaint to deny equal access to plaintiffs and other persons with physical disabilities in these and other ways.

42.     Plaintiff DREES, whose members and the disability community that DREES serves are "physically handicapped", "physically disabled", or "persons with physical disabilities" and were, are and will be denied their rights to equal access to a public facility by defendant KAREN SHANG WEI, an individual doing business as ALL STAR DONUTS because defendant KAREN SHANG WEI, an individual doing business as ALL STAR DONUTS, maintained a doughnut shop without access for persons with physical disabilities to its facilities, including but not limited to parking, entrance, restroom and other public areas as stated herein, and continues to the date of filing this complaint to deny equal access to plaintiff and other persons with physical disabilities in these and other ways.

43.     On information and belief, construction alterations carried out by defendant have also triggered access requirements under both California law and the Americans with Disabilities Act of 1990.

44.     Plaintiffs, as described hereinbelow, seek injunctive relief to require ALL STAR DONUTS to be made accessible to meet the requirements of both California law and the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendant operates the doughnut shop as a public facility.  Plaintiffs seek damages for violation of their civil rights on July 1, 2004 and they seek statutory damages of not less than $4,000 per day, pursuant to §§52(a) and 54.3, California Civil Code, for each day after her visit that plaintiff was deterred from returning to ALL STAR DONUTS because of her knowledge and belief that the premises was and remains inaccessible to persons with disabilities.

45.     On information and belief, defendant has been negligent in her affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

///

///

///

///

///

46.     Because of defendant's violations, plaintiffs and other persons with physical disabilities are unable to use public facilities such as those owned and operated by defendant on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and other accessibility law as plead herein.  Plaintiffs seek an order from this court compelling defendant to make ALL STAR DONUTS accessible to persons with disabilities.

47.     On information and belief, defendant has intentionally undertaken to modify and alter existing building(s), and has failed to make them comply with accessibility requirements under the requirements of ADAAG and Title 24.  The acts and omission of defendant in failing to provide the required accessible public facilities at the time of plaintiff's visit and injuries, indicate actual and implied malice toward plaintiffs, and despicable conduct carried out by defendant with a willful and conscious disregard for the rights and safety of plaintiffs and other similarly situated persons, and justify exemplary damages pursuant to §3294 of the Civil Code, in amounts sufficient to make a more profound example of defendant to other operators of other doughnut shops, pastry establishments, bakeries and other public facilities, and to punish defendant and to carry out the purposes of §3294 of the Civil Code.

48.     Plaintiffs are informed and believe and therefore allege that defendant KAREN SHANG WEI, an individual doing business as ALL STAR DONUTS, caused the subject building(s) which constitute ALL STAR DONUTS to be constructed, altered and maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said building(s) of the doughnut shop and were denied full and equal use of said public facilities.  Furthermore, on information and belief, defendant has continued to maintain and operate said doughnut shop and/or its building(s) in such conditions up to the present time, despite actual and constructive notice to such defendant that the configuration of the doughnut shop and/or its building(s) is in violation of the civil rights of persons with physical disabilities, such as plaintiff NICOLE MOSS, the membership of plaintiff DREES and the disability community which DREES serves.  Such construction, modification, ownership, operation,

maintenance and practices of such public facilities are in violation of law as stated in Part 5.5, Health & Safety Code §19955-19959, *et seq.* and elsewhere in the laws of California.

49.     On information and belief, the subject public facilities and building(s) of ALL STAR DONUTS denied full and equal access to plaintiffs and other persons with physical disabilities in other respects due to noncompliance with requirements of Title 24 of California Building Standards Code and Health & Safety Code §19955, *et seq.*

50.     On personal knowledge, information and belief, the basis of defendant's actual and constructive notice that the physical configuration of the facilities including, but not limited to, architectural barriers constituting ALL STAR DONUTS and/or building(s) was in violation of the civil rights of persons with physical disabilities, such as plaintiffs, includes, but is not limited to, communications with invitees and guests, verbal and written communication by plaintiff NICOLE MOSS, owners of other bakeries, doughnut shops and businesses, notices defendant obtained from governmental agencies upon modification, improvement, or substantial repair of the subject premises and other properties owned by these defendants, newspaper articles and trade publications regarding the Americans with Disabilities Act of 1990 and other access laws, public service announcements by former U.S. Attorney General Janet Reno between 1993 and 2000, and other similar information.  Defendant's failure, under state and federal law, to make the doughnut shop accessible is further evidence of defendant's conscious disregard for the rights of plaintiff and other similarly situated persons with disabilities.  The scope and means of the knowledge of defendant is within defendant's exclusive control and cannot be ascertained except through discovery.  Despite being informed of such effect on plaintiff and other persons with physical disabilities due to the lack of accessible facilities, defendant knowingly and willfully refused to take any steps to rectify the situation and to provide full and equal access for plaintiffs and other persons with physical disabilities to ALL STAR DONUTS.  Said defendant has continued such practices, in conscious disregard for the rights of plaintiffs and other persons with physical disabilities, up to the date of filing of this complaint, and continuing thereon. Defendant had further actual knowledge of the architectural barriers referred to herein by virtue of the demand letter addressed to the defendant and served concurrently with the summons and

1    complaint. Said conduct, with knowledge of the effect it was and is having on plaintiffs and

2    other persons with physical disabilities, constitutes despicable conduct in conscious disregard of

3    the rights and safety of plaintiffs and of other similarly situated persons, justifying the imposition

4    of punitive and exemplary damages per Civil Code §3294.

5        51.    Punitive Damages -- Defendant, at times prior to and including July 1, 2004,

6    March 7, 2005, March 19, 2005 and April 21, 2005, and continuing to the present time, knew

7    that persons with physical disabilities were denied their rights of equal access to all portions of

8    this public facility. Despite such knowledge, defendant failed and refused to take steps to

9    comply with the applicable access statutes; and despite knowledge of the resulting problems and

10   denial of civil rights thereby suffered by plaintiffs and other similarly situated persons with

11   disabilities, including the specific notices referred to in paragraphs 35, 36 and 50 of this

12   complaint. Defendant has failed and refused to take action to grant full and equal access to

13   persons with physical disabilities in the respects complained of hereinabove. Defendant has

14   carried out a course of conduct of refusing to respond to, or correct complaints about, denial of

15   handicap access and has refused to comply with her legal obligations to make ALL STAR

16   DONUTS accessible pursuant to the Americans with Disabilities Act of 1990, Americans with

17   Disabilities Act Accessibility Guidelines (ADAAG) and Title 24. Such actions and continuing

18   course of conduct by defendant evidence despicable conduct in conscious disregard for the rights

19   or safety of plaintiffs and of other similarly situated persons, justifying an award of exemplary

20   and punitive damages pursuant to §3294, Civil Code.

21       52.    Defendant's actions have also been oppressive to persons with physical

22   disabilities and of other members of the public, and have evidenced actual or implied malicious

23   intent toward those members of the public, such as plaintiffs and other persons with physical

24   disabilities who have been denied the proper access they are entitled to by law. Further,

25   defendant's refusals on a day-to-day basis to remove the barriers complained of herein evidence

26   despicable conduct in conscious disregard for the rights of plaintiffs and other members of the

27   public with physical disabilities.

28   ///

53.     Plaintiffs pray for an award of punitive damages against defendant pursuant to Civil Code §3294 in an amount sufficient to make a more profound example of defendant and discourage owners and operators of other doughnut shops, pastry establishments, bakeries and other public facilities, from willful disregard of the rights of persons with physical disabilities. Plaintiffs do not know the financial worth of defendant, or the amount of punitive damages sufficient to accomplish the public purposes of §3294 of the Civil Code and seek leave to amend this complaint when such facts are known.

54.     Plaintiff NICOLE MOSS and plaintiff DREES, on behalf of its membership and the disability community which it serves, consisting of persons with disabilities, would, could and will return to the subject public accommodation when it is made accessible to persons with disabilities.

I.     **FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
(On behalf of Plaintiffs NICOLE MOSS and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendant KAREN SHANG WEI, an individual doing business as ALL STAR DONUTS)
(42 U.S.C. §12101, *et seq.*)

55.     Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 54 of this complaint.

56.     Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

///

57.    Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

58.    As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public accommodations identified for purposes of this title was:

> (7)    PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
>
> . . .
>
> (B) a restaurant, bar or other establishment serving food or drink;
>
> (E) a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment;
>
> 42 U.S.C. §12181(7)(B)(E)

59.    Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation".

///

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES                                    16

60.     The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

> (i)     the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

> (ii)    a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

> (iii)   a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

> (iv)    a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

> (v)     where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of defendant set forth herein were a violation of plaintiffs' rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.*  Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

///

///

///

///

61.    The removal of the barriers complained of by plaintiffs as hereinabove alleged was at all times after January 26, 1992 "readily achievable" as to the subject building(s) of ALL STAR DONUTS pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv).  On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable", the removal of each individual barrier complained of herein was "readily achievable".  On information and belief, defendant's failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by §302(b)(2)(a)(i)-(iii); 42 U.S.C. §12182 (b)(2)(A)(i).

62.    Per §301(9), 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense".  The statute defines relative "expense" in part in relation to the total financial resources of the entities involved.  Plaintiffs allege that properly repairing, modifying, or altering each of the items that plaintiffs complain of herein were and are "readily achievable" by the defendant under the standards set forth under §301(9) of the Americans with Disabilities Act.  Further, if it was not "readily achievable" for defendant to remove each of such barriers, defendant has failed to make the required services available through alternative methods which were readily achievable.

63.    On information and belief, construction work on, and modifications of, the subject building(s) of ALL STAR DONUTS occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA.

64.    Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq.*, §308, plaintiffs are entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiffs are being subjected to discrimination on the basis of disability in violation of this title or have reasonable grounds for believing that plaintiffs are about to be subjected to discrimination in violation of §302.  Plaintiffs cannot return to or make use of the public facilities complained of herein so long as the premises and defendant's policies bar full and equal use by persons with physical disabilities.

1  ///

2      65.     Per §308(a)(1) (42 U.S.C. 12188), "Nothing in this section shall require a person

3  with a disability to engage in a futile gesture if such person has actual notice that a person or

4  organization covered by this title does not intend to comply with its provisions".  Pursuant to this

5  last section, plaintiff NICOLE MOSS has not returned to defendant's premises since on or about

6  July 1, 2004, but on information and belief, alleges that defendant has continued to violate the

7  law and deny the rights of plaintiffs and of other persons with physical disabilities to access this

8  public accommodation.  Pursuant to §308(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . .

9  injunctive relief shall include an order to alter facilities to make such facilities readily accessible

10 to and usable by individuals with disabilities to the extent required by this title".

11     66.     Plaintiffs seek relief pursuant to remedies set forth in §204(a) of the Civil Rights

12 Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement

13 the Americans with Disabilities Act of 1990, including but not limited to an order granting

14 injunctive relief and attorneys' fees.  Plaintiffs will seek attorneys' fees conditioned upon being

15 deemed to be the prevailing party.

16     67.     Plaintiffs seek damages pursuant to California Civil Code §§51, 51.5 and 52(a),

17 54, 54.1 and 54.3, which provide, within the statutory scheme, that a violation of the ADA is a

18 violation of California's Unruh Civil Rights Act.

19     Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

20 **II.     SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS
       IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ.*.**

21 (On Behalf of Plaintiffs NICOLE MOSS and DISABILITY RIGHTS, ENFORCEMENT,
   EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public

22 benefit corporation, and Against Defendant KAREN SHANG WEI, an individual doing
   business as ALL STAR DONUTS)

23 (California Civil Code §§54, 54.1, 54.3, *et seq.*)

24     68.     Plaintiffs replead and incorporate by reference as if fully set forth again herein,

25 the allegations contained in paragraphs 1 through 67 of this complaint.

26     69.     At all times relevant to this action, California Civil Code §54 has provided that

27 persons with physical disabilities are not to be discriminated against because of physical

28 handicap or disability.  This section provides that:

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES                                    19

/// 

(a) Individuals with disabilities . . . have the same rights as the general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

70.   California Civil Code §54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:

(a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

Civil Code §54.1(a)(1)

71.   California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

(d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

Civil Code §54.1(d)

72.   Plaintiff NICOLE MOSS and the membership of plaintiff DREES are persons within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by the defendant as prescribed by §§54 and 54.1.  Each specific architectural barrier which defendants knowingly and willfully fail and refuse to remove constitutes a separate act in violation of §§54 and 54.1.  Plaintiffs have been denied full and equal access on an ongoing basis since the date of plaintiff NICOLE MOSS's first visit.  As a legal result, plaintiffs are entitled to seek damages pursuant to California Civil Code §54.3(a) for each day on which they visited or have been deterred from visiting the doughnut shop because of their knowledge and

1  belief that ALL STAR DONUTS  is inaccessible to persons with disabilities.  California Civil

2  Code §54.3(a)0 provides:

> Any person or persons, firm or corporation, who denies or
> interferes with admittance to or enjoyment of the public facilities
> as specified in Sections 54 and 54.1 or otherwise interferes with
> the rights of an individual with a disability under Sections 54, 54.1
> and 54.2 is liable for each offense for the actual damages and any
> amount as may be determined by a jury, or the court sitting without
> a jury, up to a maximum of three times the amount of actual
> damages but in no case less than . . .one thousand dollars ($1,000)
> and . . . attorney's fees as may be determined by the court in
> addition thereto, suffered by any person denied any of the rights
> provided in Sections 54, 54.1 and 54.2.

Civil Code §54.3(a)

10    73.    The public facilities above described constitute "public facilities and public

11  accommodations" within the meaning of Health & Safety Code §19955 and were facilities to

12  which members of the public are invited.  The aforementioned acts and omissions of defendant

13  constitute a denial of equal access to use and enjoyment of these facilities by persons with

14  disabilities including plaintiffs.  Said acts and omissions are also in violation of provisions of

15  Title 24 of the California Building Standards Code.

16    74.    On or about  July 1, 2004, March 7, 2005, March 19, 2005 and April 21, 2005,

17  plaintiff NICOLE MOSS suffered violations of §§54 and 54.1 of the Civil Code in that plaintiff

18  NICOLE MOSS was denied access to parking, entrance, restrooms and other public facilities as

19  stated herein at ALL STAR DONUTS and on the basis that plaintiff NICOLE MOSS was a

20  person with physical disabilities.

21    75.    As a result of the denial of equal access to defendant's facilities due to the acts

22  and omissions of defendant in owning, operating and maintaining these subject public facilities,

23  plaintiffs suffered violations of plaintiffs' civil rights, including but not limited to rights under

24  §§54, 54.1 and 54.3, Civil Code, and plaintiff NICOLE MOSS suffered physical discomfort,

25  bodily injury (including, but not limited to, fatigue, stress, strain and pain in wheeling and

26  attempting to and/or transferring up, on, down, to, over, around and through architectural

27  barriers.), emotional distress, mental distress, mental suffering, mental anguish, which includes

28  shame, humiliation, embarrassment, frustration, anger, disappointment and worry, all of which

1  are expectedly and naturally associated with a denial of access to a person with physical

2  disabilities, all to plaintiff's damages as hereinafter stated.  Defendants' actions and omissions to

3  act constituted discrimination against plaintiff on the sole basis that plaintiffs are persons or an

4  entity that represents persons with physical disabilities and unable, because of the architectural

5  barriers created and maintained by the defendant in violation of the subject laws, to use the

6  public facilities hereinabove described on a full and equal basis as other persons.

7       76.    Plaintiffs have been damaged by defendant's wrongful conduct and seek the relief

8  that is afforded by Civil Code §§54 and 54.1, 54.3 and 55 for violation of plaintiffs' rights as

9  persons or an entity that represents persons with physical disabilities on or about July 1, 2004,

10  and on a continuing basis since then, including statutory damages, a trebling of all of actual

11  damages, general and special damages available pursuant to §54.3 of the Civil Code according to

12  proof.

13       77.    As a result of defendant's acts and omissions in this regard, plaintiffs have been

14  required to incur legal expenses and hire attorneys in order to enforce plaintiffs' rights and

15  enforce the provisions of the law protecting access for persons with physical disabilities and

16  prohibiting discrimination against persons with physical disabilities.  Pursuant to the provisions

17  of §54.3 of the Civil Code, plaintiffs therefore will seek recovery in this lawsuit for all

18  reasonable attorneys' fees and costs incurred if deemed the prevailing party.  Additionally,

19  plaintiffs' lawsuit is intended not only to obtain compensation for damages to plaintiffs, but also

20  to compel the defendant to make her facilities accessible to all members of the public with

21  disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to

22  the provisions of §1021.5 of the Code of Civil Procedure.

23       Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

24  **III.    THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
    (On Behalf of Plaintiffs NICOLE MOSS and DISABILITY RIGHTS, ENFORCEMENT,

25  EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public

26  benefit corporation and Against Defendant KAREN SHANG WEI, an individual doing

27  business as ALL STAR DONUTS)
    (Health & Safety Code §19955, *et seq.*)

28

78.     Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 77 of this complaint.

///

79.     Health & Safety Code §19955 provides in pertinent part:

> The purpose of this part is to insure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code.  For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers.  When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

80.     Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code . . . ."  Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all public accommodations constructed or altered after that date.   On information and belief, portions of ALL STAR DONUTS and/or of the building(s) were constructed and/or altered after July 1, 1970, and substantial portions of the doughnut shop and/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring said doughnut shop and/or building to be subject to the requirements of Part 5.5, §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

81.     Pursuant to the authority delegated by Government Code §4450, *et seq*, the State Architect promulgated regulations for the enforcement of these provisions.  Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations and these regulations must be complied with as to any alterations and/or modifications of ALL STAR DONUTS the building(s) occurring after that date.  Construction changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961.

1  On information and belief, at the time of the construction and modification of said building, all

2  buildings and facilities covered were required to conform to each of the standards and

3  specifications described in the American Standards Association Specifications and/or those

4  contained in Title 24 of the California Building Standards Code.

5      82.   Doughnut shops such as ALL STAR DONUTS are "public accommodations or

6  facilities" within the meaning of Health & Safety Code §19955, *et seq*.

7      83.   As a legal result of denial of access to plaintiffs as hereinabove described,

8  plaintiff NICOLE MOSS suffered bodily and emotional injuries expectedly, normally and

9  naturally associated with a denial of access to parking, entrance, restrooms and other public areas

10  as stated herein.

11      84.   As a result of the actions and failure to act of defendant, and as a result of the

12  failure to provide proper and legally handicapped-accessible public facilities, plaintiffs were

13  denied plaintiffs' rights to full and equal access to public facilities, suffered a loss of plaintiffs'

14  civil rights and plaintiffs' rights as persons with physical disabilities to full and equal access to

15  public facilities, and plaintiff NICOLE MOSS further suffered bodily injury (including, but not

16  limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up,

17  on, down, to, over, around and through architectural barriers.), emotional distress, mental

18  distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment,

19  anger, disappointment and worry expectedly and naturally associated with a person with physical

20  disabilities being denied access, all to plaintiffs' damages as prayed hereinafter in an amount

21  within the jurisdiction of this court.

22      85.   Attorneys' Fees -- As a result of defendant's acts and omissions in this regard,

23  plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce

24  plaintiffs' civil rights and enforce provisions of the law protecting access for the persons with

25  physical disabilities and prohibiting discrimination against the persons with physical disabilities,

26  and to take such action both in plaintiffs' own interests and in order to enforce an important right

27  affecting the public interest.  Plaintiffs, therefore, seek in this lawsuit the recovery of all

28  reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure

§1021.5.  Plaintiffs additionally seek attorneys' fees pursuant to Health & Safety Code §19953 and Civil Code §§54.3 and 55 and/or in the alternative, plaintiffs will seek attorneys' fees, costs and litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)).  Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

86.  Plaintiffs seek injunctive relief for an order compelling defendant to make the subject place of public accommodation readily accessible to and usable by persons with disabilities.

87.  Plaintiffs seek damages pursuant to California Civil Code §§52(a) and 54.3.

Wherefore, plaintiffs pray for damages and relief as hereinafter stated.

**IV.  FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiffs NICOLE MOSS and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendant KAREN SHANG WEI, an individual doing business as ALL STAR DONUTS)
(Civil Code §51, 51.5)

88.  Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 87 of this complaint.

89.  Defendant's actions and omissions and failure to act as a reasonable and prudent public accommodation in identifying, removing and/or creating architectural barriers, policies, practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.  The Unruh Act provides:

> This section shall be known, and may be cited, as the Unruh Civil Rights Act.
>
> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or **disability** are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.
>
> This section shall not be construed to confer any right or privilege on a person that is conditioned or limited by law or that is applicable alike to persons of every sex, color, race, religion, ancestry, national origin, or **disability.**

1    ///

2    ///

3            Nothing in this section shall be construed to require any
        construction, alteration, repair, structural or otherwise, or
        modification of any sort whatsoever, beyond that construction,
4        alteration, repair, or modification that is otherwise required by
        other provisions of law, to any new or existing establishment,
5        facility, building, improvement, or any other structure . . . nor shall
        anything in this section be construed to augment, restrict, or alter
6        in any way the authority of the State Architect to require
        construction, alteration, repair, or modifications that the State
7        Architect otherwise possesses pursuant to other . . . laws.

8            A violation of the right of any individual under the
        Americans with Disabilities Act of 1990 (Public Law 101-336)
9        shall also constitute a violation of this section.

10   As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the

11   "intent" of the defendant in not complying with barrier removal is not an issue.  Hence, the

12   failure on the parts of defendant, as a reasonable and prudent public accommodation, in acting or

13   failing to act to identify and remove barriers can be construed as a "negligent per se" act of

14   defendant.

15       90.    The acts and omissions of defendant stated herein are discriminatory in nature and

16   in violation of Civil Code §51.5:

17           No business establishment of any kind whatsoever shall
        discriminate against, boycott or blacklist, refuse to buy from, sell
18        to, or trade with any person in this state because of the race, creed,
        religion, color, national origin, sex, or **disability** of the person or
19        of the person's partners, members, stockholders, directors, officers,
        managers, superintendents, agents, employees, business associates,
20        suppliers, or customers.

21           As used in this section, "person" includes any person, firm
        association, organization, partnership, business trust, corporation,
22        limited liability company, or company.

23           Nothing in this section shall be construed to require any
        construction, alteration, repair, structural or otherwise, or
24        modification of any sort whatsoever, beyond that construction,
        alteration, repair or modification that is otherwise required by
25        other provisions of law, to any new or existing establishment,
        facility, building, improvement, or any other structure . . . nor shall
26        anything in this section be construed to augment, restrict or alter in
        any way the authority of the State Architect to require
27        construction, alteration, repair, or modifications that the State
        Architect otherwise possesses pursuant to other laws.

28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES                                    26

///

91.    Defendant's acts and omissions as specified have denied to plaintiffs full and equal accommodations, advantages, facilities, privileges and services in a business establishment, on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act.  Further, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section".  Plaintiffs accordingly incorporate the entirety of their above cause of action for violation of the Americans with Disabilities Act at ¶¶54, *et seq*., as if repled herein.

92.    As a legal result of the violation of plaintiff NICOLE MOSS's civil rights as hereinabove described, plaintiff NICOLE MOSS has suffered general damages, bodily injury (including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers.), physical injury, emotional distress (all to plaintiff's damage according to proof, and incurred reasonable attorneys' fees and costs).  Plaintiffs NICOLE MOSS and DREES are entitled to the rights and remedies of §52(a) of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is allowed by statute, according to proof if deemed to be the prevailing party.

Wherefore, plaintiffs pray that this court grant relief and damages as hereinafter stated.

**PRAYER:**

Plaintiffs pray that this court award damages and provide relief as follows:

**I.    PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
(On Behalf of Plaintiffs NICOLE MOSS and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendant KAREN SHANG WEI, an individual doing business as ALL STAR DONUTS)
(42 U.S.C. §12101, *et seq.*)

1.    For injunctive relief, compelling defendant KAREN SHANG WEI, an individual doing business as ALL STAR DONUTS, to make ALL STAR DONUTS, located at 399 5th Street, San Francisco, California, readily accessible to and usable by individuals with

disabilities, per Public Law 10 1-336, §308; and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2.     For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed the prevailing party; and

3.     For such other and further relief as the court may deem proper.

**II.     PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ*.**
(On Behalf of Plaintiffs NICOLE MOSS and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendant KAREN SHANG WEI, an individual doing business as ALL STAR DONUTS)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

1.     For injunctive relief, compelling defendant KAREN SHANG WEI, an individual doing business as ALL STAR DONUTS, to make ALL STAR DONUTS, located at 399 5th Street, San Francisco, California, readily accessible to and usable by individuals with disabilities, per state law.

2.     Statutory damages as afforded by Civil Code §54.3 for the date of incident and for each day that plaintiffs were deterred from returning to the subject public accommodation.

3.     Attorneys' fees pursuant to Civil Code §54.3 and §55 and Code of Civil Procedure §1021.5, if plaintiffs are deemed the prevailing party;

4.     Punitive damages pursuant to Civil Code §3294;

5.     For all costs of suit;

6.     Prejudgment interest pursuant to Civil Code §3291;

7.     Such other and further relief as the court may deem just and proper.

**III.     PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ*.**
(On Behalf of Plaintiff NICOLE MOSS, and Against Defendant KAREN SHANG WEI, an individual doing business as ALL STAR DONUTS)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

1.     General and compensatory damages according to proof.

///

///

**IV.   PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
(On Behalf of Plaintiffs NICOLE MOSS and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendant KAREN SHANG WEI, an individual doing business as ALL STAR DONUTS)
(Health & Safety code §19955, *et seq.*)

1.    For injunctive relief, compelling defendant KAREN SHANG WEI, an individual doing business as ALL STAR DONUTS, to make ALL STAR DONUTS, located at 399 5th Street, San Francisco, California, readily accessible to and usable by individuals with disabilities, per state law.

2.    For attorneys' fees pursuant to Code of Civil Procedure §1021.5, Civil Code §55, and/or, alternatively, Health & Safety Code §19953, if plaintiffs are deemed the prevailing party;

3.    For all costs of suit;

4.    For prejudgment interest pursuant to Civil Code §3291;

5.    Such other and further relief as the court may deem just and proper.

**V.   PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
(On Behalf of Plaintiff NICOLE MOSS, and Against Defendant KAREN SHANG WEI, an individual doing business as ALL STAR DONUTS)
(Health & Safety code §19955, *et seq.*)

1.    General and compensatory damages according to proof under Civil Code §§52(a) and 54.3;

2.    Special and consequential damages according to proof under Civil Code §§52(a) and 54.3.

///
///
///
///
///
///

///

## VI. PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)

(On Behalf of Plaintiffs NICOLE MOSS and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendant KAREN SHANG WEI, an individual doing business as ALL STAR DONUTS)

(California Civil Code §§51, 51.5, *et seq.*)

1.      All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each day that plaintiffs were deterred from returning to the subject public accommodation;

2.      Attorneys' fees pursuant to Civil Code §52(a), if plaintiffs are deemed the prevailing party;

3.      Punitive damages pursuant to Civil Code §3294;

4.      For all costs of suit;

5.      Prejudgment interest pursuant to Civil Code §3291; and

6.      Such other and further relief as the court may deem just and proper.

///
///
///
///
///
///
///
///
///
///
///
///
///
///

**VII.   PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff NICOLE MOSS, and Against Defendant KAREN SHANG WEI, an individual doing business as ALL STAR DONUTS)
(California Civil Code §§51, 51.5, *et seq.*)

1.     General and compensatory damages to plaintiff NICOLE MOSS according to proof.

Dated: May 6, 2005              THOMAS E. FRANKOVICH
                                *A PROFESSIONAL LAW CORPORATION*


                                By: _____/s/_____
                                     THOMAS E. FRANKOVICH
                                Attorneys for Plaintiffs NICOLE MOSS and DISABILITY
                                RIGHTS, ENFORCEMENT, EDUCATION,
                                SERVICES:HELPING YOU HELP OTHERS, a California
                                public benefit corporation

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

Dated: May 6, 2005              THOMAS E. FRANKOVICH
                                *A PROFESSIONAL LAW CORPORATION*


                                By: _____/s/_____
                                     THOMAS E. FRANKOVICH
                                Attorneys for Plaintiffs NICOLE MOSS and
                                DISABILITY RIGHTS, ENFORCEMENT, EDUCATION,
                                SERVICES:HELPING YOU HELP OTHERS, a California
                                public benefit corporation